# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-635-RJC

| | |
|---|---|
| STEVE D. MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FORREST D. BRIDGES, Judge, ) | ORDER |
| Superior Court of Mecklenburg County; ) | |
| CHRISTA COX, District Attorney, ) | |
| Mecklenburg County; and ) | |
| BRUCE LILLIE, District Attorney, ) | |
| Mecklenburg County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon an initial review of Plaintiff's civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.     FACTUAL BACKGROUND

According to the Complaint and its attachments, in February 2004, Plaintiff was facing criminal charges stemming from three separate cases in the Superior Court of Mecklenburg County. (Doc. No. 1 at 3). Plaintiff alleges that on February 11, 2004, Mecklenburg County Superior Court Judge Forest D. Bridges ("Judge Bridges") entered a ruling granting Assistant District Attorney Christa Cox's ("Cox") motion to consolidate those cases for trial. (Id.). Plaintiff further alleges that at sentencing, in alleged reliance upon conduct for which Plaintiff was neither tried nor convicted,[1] Cox asked Judge Bridges to impose three consecutive sentences at the top of the presumptive sentencing range and that Judge Bridges granted that request.

---

[1] Plaintiff states that in a fourth, unrelated case, he was charged with "grabbing a hand gun while police officers [were] entering the home to search." (Doc. No. 1 at 3).

(Doc. Nos. 1 at 3; 1-1 at 1-5). Plaintiff alleges that the court abused its discretion in consolidating the cases and in relying upon extrajudicial information to support consecutive sentences. (Doc. No. 1 at 3). Plaintiff contends that this violated his Fifth Amendment right to due process and that the excessive sentences constitute cruel and unusual punishment in violation of his Eighth Amendment rights. (Id. at 4). As relief, Plaintiff asks the Court to remand his case to the Superior Court of Mecklenburg County for re-sentencing. (Id. at 5). However, Plaintiff is not entitled to such relief.

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

## III. DISCUSSION

The law is clear that a prisoner who seeks to bring a federal action challenging the

constitutionality of his confinement in order to reduce that sentence may only do so in a habeas corpus proceeding. Preiser v. Rodriguez, 411 U.S. 475, 493-500 (1973) (observing that any claim seeking immediate release or to shorten a sentence sounds in habeas corpus); Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir. 1986) ("If a state prisoner, in his complaint, is attacking the validity of his confinement and seeking release, habeas corpus is the exclusive remedy."); see also Hamlin v. Warren, 664 F.2d 29, 31-32 (4th Cir. 1981) (observing that prisoners cannot subvert habeas corpus' exhaustion requirement by bringing civil rights actions for equitable relief to challenge the validity of their convictions).

Plaintiff seeks to obtain a shorter sentence on the grounds that his Fifth and Eighth Amendment rights were violated during his state criminal proceedings. Accordingly, because Plaintiff's allegations sound in habeas corpus, the instant civil rights Complaint is dismissed for Plaintiff's failure to raise those allegations in a federal habeas corpus petition.[2]

Further, even if Plaintiff's allegations could be brought in this civil rights action, they would still be subject to dismissal as time-barred. Congress did not provide a specific statute of limitations to govern § 1983 actions. Owens v. Okure, 488 U.S. 235, 239 (1989). However, federal courts apply the general limitations period applicable to personal injury actions in the state in which the alleged violation occurred. Wallace v. Kato, 549 U.S. 384, 387 (2007). In North Carolina, the statute of limitations for personal injury actions is three years. N.C. Gen.

---

[2] The Court will not convert Plaintiff's Complaint into a habeas corpus petition because pertinent Court records reflect that he already filed a petition under 28 U.S.C. § 2254 challenging the legality of his criminal convictions. (See Morrison v. North Carolina, 3:06-cv-250, Doc. No. 1). However, on July 6, 2006, the Court entered an Order dismissing that Petition on the ground that Plaintiff's claims were procedurally defaulted without excuse, (Id. at Doc. No. 7); and on February 28, 2008, the Fourth Circuit Court of Appeals denied his application under 28 U.S.C. § 2244 to file a successive petition, (Id.).

Stat. §1-52 (5) (providing three-year limitations period for "any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.") Accordingly, Plaintiff had three years in which to file his civil rights complaint. Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) ("The parties agree that because the state limitations period governing a claim for damages for personal injuries applies to a § 1983 action, regardless of the allegations in the complaint, the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(5) (1995) controls."); see Lawrence v. Cooper, 398 F. App'x 884, 887 (4th Cir. Oct. 20, 2010) (unpublished) ("Applying the North Carolina statute of limitations for personal injury actions to Lawrence's § 1983 claims, the district court found that Lawrence's actions were time-barred as outside the applicable three-year period and dismissed the action as frivolous under 28 U.S.C. § 1915.") (citing Bd. of Regents v. Tomanio, 446 U.S. 478, 486 (1980) (indicating that § 1983's statute of limitations is not tolled while "a litigant pursues a related but independent cause of action")).

The conduct of which Plaintiff complains occurred during his criminal proceedings on February 11, 2004. Therefore, Plaintiff must have filed his Complaint by February 11, 2007. Plaintiff filed his Complaint on December 14, 2010. (Doc. No. 1). Consequently, to the extent the instant allegations are cognizable under § 1983, they must be dismissed as time-barred.

### IV. CONCLUSION

Plaintiff's allegations seeking a shorter sentence were not properly raised under § 1983 and they are barred by the applicable three-year statute of limitations. Plaintiff's Complaint must be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief may be

granted. 28 U.S.C. § 1915A(b)(1).

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge